UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI OFFICE

| | | |
|---|---|---|
| **GARY X DORSEY, SR.** | : | Case #: |
| | : | |
| Plaintiff | : | JUDGE: |
| | : | |
| V. | : | COMPLAINT WITH JURY |
| | : | DEMAND ENDORSED HEREON |
| **MEGAN J. BRENNAN, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE** | : : : | |
| | : | |
| Defendant. | : | |
| | : | |

**PRELIMINARY STATEMENT**

1. This is a civil rights action alleging discrimination and retaliation in employment. Plaintiff alleges violations of the Title VII of the Civil Rights Act of 1964, as amended, The Rehabilitation Act, 29 USC sections 791 *et seq.*, and the Family Medical Leave Act, as amended, 29 USC sections 2601 *et seq.*

**PARTIES**

2. At all times relevant hereto, the Plaintiff, an African-American male, was an employee of Defendants Megan Brennan, Postmaster General, US Postal Service (Eastern Area), Agency, under the meaning of The Rehabilitation Act (Rehab Act).

3. Defendants are an Agency of the U.S. Government with their principle place of business in Cincinnati, Ohio, and each is an "employer" under the meaning of Title VII and The Rehabilitation Act. Defendants had fifty or more employees during the relevant period.

1

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Defendants because Defendants transacts business in Hamilton County, State of Ohio, and Plaintiff is a resident of Hamilton County, State of Ohio, which is within this division and district.

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00. Further, the Defendant is an Agency of the Federal Government and this complaint raises federal question.

6. Venue is proper in the Southern District Court of Ohio, Western Division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to these claims occurred in the City of Cincinnati, Hamilton County, State of Ohio, which is within this division and district.

7. Plaintiff filed an EEO proceeding in a timely manner, within 45 days of the action. The Plaintiff raised issues of discrimination based on race, sex, and disability. The Plaintiff then filed a formal EEOC charges, Agency Case Nos. 4C-450-0134-13 and 4C-450-0045-16, raising issues of race, sex, disability, and retaliation which was investigated under the procedures set forth in the 29 CFR, Part 1614.

8. The Agency issued a Final Agency Decision on June 6, 2018, received by Plaintiff on June 9, 2018 on Agency Case No. 4C-450-0134-13. A copy of the Final Agency Decision is attached hereto as Exhibit 1. The Plaintiff has exhausted his administrative remedy on the 2013 charge, and files this Complaint timely.

9. The Plaintiff withdrew the request for administrative hearing on Agency Case No. 4C-450-0045-16 on May 2, 2018. A true and correct copy of the withdrawal of request for administrative hearing and request for immediate final agency decision is attached hereto as Exhibit 2. Over 60 days has elapsed since the request for Final Agency Decision, and less than 90 days has elapsed

since the deadline for the Agency to issues said decision. Plaintiff has exhausted his administrative remedy on the 2016 charge and files this Complaint timely.

## STATEMENT OF FACTS

### A. Agency Case No. 4C-450-0134-13

10. Plaintiff, Gary Dorsey, was hired as a City Carrier Assistant (CCA) by the US Postal Service on or about May 2013, and worked at the Westwood Station.

11. Plaintiff is African-American, male, who was injured on the job on June 27, 2013 when delivering mail.

12. The injury occurred when the stairs at a home were in poor condition, and the board "collapsed", or slid forward and off the riser, causing Mr. Dorsey to fall and injure himself, suffering a disability which affected one or more major life activities.

13. Mr. Dorsey reported the incident and the injury immediately, to his supervisors and manager, Viney Smith, Katrina Baker-Calmeise and Elmer Schmalle.

14. On or about June 27, 2013, Manager Katrina Baker Calmeise instructed Supervisor Viney Smith to investigate an injury or incident at 2504 Homestead, Cincinnati, OH 45211. Ms. Smith documented the incident with photographs for the Defendant Agency.

15. Plaintiff reported to his supervisor, Elmer Schmalle. Plaintiff told Mr. Schmalle that he had difficulty walking, was hurt and needed to go to the doctor on or about June 28, 2013 and July 1, 2013.

16. Mr. Schmalle told Plaintiff that if the injury was reported as work related, and he went to the doctor, he would be fired, stating "You might as well turn in your bag".

17. Plaintiff took this as a threat of termination if he showed any sign of disability and thus delayed in seeing a doctor. Supervisor Viney Smith heard this conversation.

18. Plaintiff advised his supervisors, Mr. Schmalle and Ms. Smith, that the pain caused him to walk slower and was causing him some pain on hills and stairs.

19. The Defendant Agency, by and through their managers, Ms Smith and Mr. Schmalle, knew that Plaintiff "was hurting", and had a disability that effected his ability to walk, climb stairs and hills and carry the mail.

20. Prior to the onset of the disability and prior to notifying Defendant Agency of his disability, Plaintiff had been assigned to routs that were physically easier to walk and carry. Those routes included Route 44 which had a lot of apartments and was fairly flat.

21. After notice of the disability, Defendant Agency assigned Plaintiff to routes that were significantly more physically demanding. This included Route 56.

22. On or about July 3, 2013 after the onset of disability and after notice to Defendant Agency of the disability, Manager Baker-Chalmeise gave Plaintiff a poor work performance evaluation based on his slower time and his disability which effected his ability to walk and climb.

23. On or about July 9, 2013, Manager Baker-Calmeise and Supervisor Schmalle told Plaintiff that he wasn't making his time, and that he was walking the route too slowly. Plaintiff objected stating "you know that I'm hurt."

24. Defendant Agency did not discipline or fire non-disabled employees for walking slower and did not hold non-disabled employees to the exact times that the computer program predicted it would take to carry their routes.

25. Non-disabled employees were treated better than Plaintiff in that they were not disciplined or terminated because they did not make "exact" times as predicted by the computer program used to predict route time.

26. Defendant Agency disciplined and fired plaintiff based on his disability and the effect of the disability on his route times.

27. Plaintiff was a qualitied injured worker.

28. Plaintiff was able to perform the essential functions of his job with accommodations.

29. On or about July 10, 2013 Plaintiff completed a first report of occupational injury for his on the job injury and gave it to Mr. Schmalle.

30. On or about July 10, 2013, Plaintiff went to the Christ Hospital Emergency Department and was diagnosed with an injury and a permanent disability.

31. On or about July 19, 2013, Defendant Agency, by and through Manager Baker-Calmeise and Supervisor Schmalle, terminated Plaintiff via letter dated July 9, 2013 but mailed on July 19, 2013.

32. Plaintiff has a serious medical condition(s) which qualifies him for reasonable accommodation under the Rehabilitation Act, for leave under Federal Employee Compensation Act (FECA), and for Family Medical Leave under the Family Medical Leave Act.

33. Plaintiff was a qualified employee. Any problems in his performance were due to his serious medical condition which effected his ability walk, stand and other duties of a letter carrier.

34. Defendant Agency never entered into an interactive process regarding reasonable accommodation with Plaintiff.

35. Comparative employees include Jeri Coston, a CCA at the same time as Plaintiff, and was injured on the job, suffered a disability, but had no EEOC activity, and was not African-American. Mr. Coston was provided reasonable accommodation.

36.     The other CCA's who were not African American, were not disabled, and did not file an EEOC charge, but had similar or worse times on their routes than Plaintiff, were treated better than Plaintiff and were not terminated.

37.     On or about July 19, 2013, Defendant Agency Terminated Plaintiff's employment.

### B. Agency Case No. 4C-450-0045-16

38.     On or about August 27, 2015, Plaintiff began applying for jobs to return to work through the USPS. One of the jobs that that he applied for was Mail Handler Assistant. He was interviewed on or about December 2015. He was given a conditional job offer via email on December 16, 2015. He accepted the job offer via online computer access. He was a qualified individual with a disability as he was able to perform the essential functions of the job with or without a disability.

39.     On or about December 27, 2016, Plaintiff was advised by Lisa Butts that he was not selected for the position based on a letter written by his former manager at Westwood, Ms. Baker-Chalmeise, and a recommendation not to rehire. Lisa Butts said that she otherwise would have hired him but for the statements of his former manager. The Westwood Branch sent documents specifically addressing work performance and termination which are and continue to be the subject of his pending EEOC charge and discrimination case.

40.     Katrina Baker-Calmeise retaliated against Plaintiff based on his EEOC charge against her in making certain representations and recommending against rehire.

41.     Defendant Agency's managers who were involved in the decision to rescind the offer of employment were aware of the pending EEOC charge, aware of Plaintiff's disability, and based their decision on these illegal reasons.

## FIRST CAUSE OF ACTION:  TITLE VII

42. Plaintiff re-alleges as if fully restated herein all allegations contained in all prior paragraphs.

43. Defendants have discriminated and retaliated against Plaintiff on the basis of and race in violation of Title VII of the Civil Rights Act of 1964, as amended.

44. As a direct and proximate result of Defendant Agency's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages including but not limited to lost wages, physical and emotional distress, pain and suffering, loss of enjoyment of life, benefits, attorney's fees and costs.

## SECOND CAUSE OF ACTION:  REHABILITATION ACT

45. Plaintiff re-allege as if fully restated herein all the allegations contained in all prior paragraphs.

46. Defendants and each of them have failed to enter into the interactive process, provided reasonable accommodation, discriminated against Plaintiff on basis of disability or perceived disability, and retaliated against him for requesting reasonable accommodation in violated Plaintiff's right to be free of disability discrimination under The Rehabilitation Act, 29 USC sections 791 *et seq*.

47. As a direct and proximate result of Defendant Agency's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages including but not limited to lost wages, physical and emotional distress, pain and suffering, loss of enjoyment of life, benefits, attorney's fees and costs.

### THIRD CAUSE OF ACTION: FAMILY MEDICAL LEAVE ACT

48. Plaintiff re-allege as if fully restated herein all the allegations contained in all prior paragraphs.

49. Defendants have discriminated against and retaliated against Plaintiff for use of leave under The Family Medical Leave Act, as amended, 29 USC sections 2601 *et seq*.

50. As a direct and proximate result of Defendant Agency's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages including but not limited to lost wages, physical and emotional distress, pain and suffering, loss of enjoyment of life, benefits, attorney's fees and costs.

### FOURTH CAUSE OF ACTION: RETALIATION

51. Plaintiff re-allege as if fully restated herein all the allegations contained in all prior paragraphs.

52. Defendant Agency has retaliated against Plaintiff for his protected activity including but not limited to request for reasonable accommodation under the Rehabilitation Act, time off work under the Family Medical Leave Act, this EEO Complaint which was initiated July 2013, and in violation of Title VII.

53. As a direct and proximate result of Defendant Agency's actions, Plaintiff has suffered and continues to suffer economic and non-economic damages including but not limited to lost wages, physical and emotional distress, pain and suffering, loss of enjoyment of life, benefits, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that the Court:

    (A) Award Plaintiff compensatory damages in an amount to be shown at trial.

(B) Award Plaintiff back pay, front pay, and employment benefits and other equitable relief.

(C) Award Plaintiff reasonable attorney's fees and costs and disbursements.

(D) Award Plaintiff pre and post judgment interest at the statutory rate.

(E) Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully Submitted,

**THE SAMMARCO LAW FIRM LLC**

*/S/ Alissa J. Sammarco*
Alissa J. Sammarco - 0077563
Attorney for Plaintiff
15 East 8th Street
Cincinnati, Ohio 45202
Telephone: 513-763-7700
Facsimile: 513-763-7704
Email:  ajs@SammarcoLegal.com

**JURY DEMAND:**

Now comes Plaintiff and demand trial by jury.

*/S/ Alissa J. Sammarco*
Alissa J. Sammarco  - 0077563
Attorney for Plaintiff

9